**Marjorie K. PLESS, Trustee of the Estate of J. Will Pless, Deceased, Plaintiff,**

v.

**CPC INTERNATIONAL, INC., a Delaware Corporation, Defendant and Third Party Plaintiff,**

v.

**MOORE, LEONARD & LYNCH, INCORPORATED, a Delaware Corporation, and Commercial National Bank of Westmoreland County, a Pennsylvania Corporation, Third Party Defendants,**

v.

**James R. BROWN, Alan D. Pless and Marjorie K. Pless, Individually, Fourth Party Defendants.**

**Civ. A. No. 77–926 H.**

United States District Court, W. D. Pennsylvania.

April 4, 1979.

**106**

Ralph H. German, Cooper, German, Kelly & Smith, Pittsburgh, Pa., for plaintiff.

David L. McClenahan, Kirkpatrick, Lockhart, Johnson & Hutchison, Joseph E. Camp, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., Robert P. Lightcap, Lightcap, McDonald & Moore, Latrobe, Pa., John A. Knorr, Van Ameringen & Knorr, Pittsburgh, Pa., for defendants.

MEMORANDUM OPINION

DIAMOND, District Judge.

Plaintiff Marjorie K. Pless, in her capacity as trustee of the estate of J. Will Pless, Sr., filed this diversity action charging defendant, CPC International, Inc., (CPC), with registering the transfer of certain CPC securities she held in trust which lacked her authorized endorsement. Invoking § 8–404(2) of the Uniform Commercial Code, 12A P.S. § 8–404(2), plaintiff demands that defendant now issue her a like number of securities to compensate for those improperly transferred.

After answering the original complaint, defendant filed third party complaints against Moore, Leonard, and Lynch, Inc., (Moore, Leonard) and Commercial National Bank of Westmoreland County (Commercial) claiming that each party guaranteed plaintiff's signature on certain stock powers relating to the securities and that it, CPC, relied on said stock powers in entering the transfer. CPC seeks relief against these third party defendants under § 8–312 of the U.C.C., 12A P.S. § 8–312, which provides that any person guaranteeing the signature of an endorser of a security is liable to any other person dealing with the security in reliance on the guarantee for any loss resulting from its breach. Moore, Leonard in turn filed a cross claim against Commercial under § 8–312 as well, alleging that Moore, Leonard placed its guarantee on the stock powers only after it received those documents from Commercial and relied on the fact that Commercial had already affixed its guarantee on them. Presently before the court are CPC and Moore, Leonard's motions for summary judgment on their respective complaints. For the reasons set forth below, we will deny the CPC motion and grant that of Moore, Leonard.

The parties seem to be in general agreement on the basic facts of the case. Plaintiff Marjorie Pless was holding the disputed securities in a lock box in her North Carolina home as trustee for the estate of J. Will Pless, Sr., when sometime prior to the Win-

ter of 1971 plaintiff's son Alan Pless, a fourth party defendant in this action, apparently took the subject securities from plaintiff's lock box without her consent. Thereafter, Alan Pless entered into a scheme with additional fourth party defendant James R. Brown, the manager of Commercial's branch office in Ligonier, Pennsylvania, whereby Pless forged his mother's signature on the above-mentioned stock powers and Brown, in his capacity as branch manager, affixed Commercial's guarantee to those documents knowing that the trustee's signature was forged. The fraudulently endorsed stock powers were then delivered to Moore, Leonard on December 20, 1971, with instructions to obtain their transfer from issuer CPC. Moore, Leonard, allegedly in reliance on Commercial's guarantee, also guaranteed the plaintiff's signature and, thereafter, transmitted said stock powers to CPC. On January 24, 1972, CPC, allegedly in reliance on Commercial and Moore, Leonard's guarantees, had its transfer agent effectuate the transfer of the subject securities.

■ Turning first to the CPC motion, Commercial argues that summary judgment should be denied as being sought prematurely, since a determination on CPC's original liability has yet to be made. We do not believe that to be a sufficient basis for denial for if the guarantee was made and properly invoked, the guarantor is in no way prejudiced by a granting of summary judgment at this juncture. See *Weller v. A.T.&T. Co.*, 290 A.2d 842 (Del.Ch.1972).

■ Commercial, however, raises another issue which is more meritorious. It contends that evidence exists from which one could conclude that CPC had reason to know that plaintiff's securities had been lost or stolen, in which case, it argues, CPC should not be permitted to shift liability to its guarantors, Commercial and Moore, Leonard. Commercial cited no authority in support of this proposition, and we were aware of none at the time of oral argument,

however, our post-argument research reveals that the Ninth Circuit does support Commercial's position. In *Flying Diamond Corp. v. Pennaluna & Co., Inc.*, 586 F.2d 707 (9th Cir. 1978) that court held that where an issuer (1) knew that its former transfer agent had been forging blank stock certificates entrusted to it, and (2) had knowledge that someone had been arrested for possession of forged certificates, the issuer had no right under § 8–312 to rely on a guarantor's warranty of an endorsement appearing on certificates similar to those previously confiscated in the arrest. It would appear, therefore, that if a genuine issue exists as to CPC's knowledge or notice that the securities were lost or stolen, we are obliged under Rule 56, Fed.R.Civ.P., to deny its motion for summary judgment.

To raise the issue of knowledge Commercial points to the deposition testimony of plaintiff's husband, The Hon. J. Will Pless, Jr., to the effect that in late 1970 or early 1971 he discovered that the securities were missing and wrote CPC urging them to be wary of any attempted transfer. Judge Pless did not produce the letter, saying he had been unable to retrieve it from among the seven or eight boxes full of records he had relating to the operation of the trust. In addition, he exhibited a rather imprecise and inconsistent memory during his deposition, which one might naturally expect, since he was eighty years old at the time, but which does cast some doubt on his testimony. Nevertheless, his testimony is competent, and it, therefore, creates a genuine issue of the material fact of CPC's knowledge of the theft of the stock which it transferred on forged signatures, and this must be resolved by the trier of fact. Accordingly, we will deny CPC's motion for summary judgment as to its claim against Commercial and Moore, Leonard.[1]

■ No issue of the genuineness of the guaranty or knowledge on the part of Moore, Leonard has been raised by Commercial regarding the motion of Moore,

---

1. Even though Moore, Leonard offered no real opposition to CPC's motion, choosing instead to concentrate on its claim of indemnification from Commercial, we believe that Commercial's raising of the issue must inure to Moore, Leonard's benefit as well.

Leonard for summary judgment on its § 8–312 claim against Commercial, and that motion will be granted.